**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| 1. | **LARRY D. HOLMES,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| v. | | ) | **CIV-17-** 842-F |
| | | ) | |
| 1. | **DALE ROGERS TRAINING** | ) | |
| | **CENTER,** | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Larry D. Holmes, and for his Complaint against the Defendant alleges and states as follows:

### PARTIES

1.      Plaintiff, Larry D. Holmes, is a Black adult male resident of Oklahoma County, Oklahoma.

2.      Defendant Dale Rogers Training Center is an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; (b) race discrimination and retaliation in violation of 42 U.S.C. § 1981; and (c) retaliation for filing a worker's compensation claim in violation of Oklahoma state law.

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims, and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

1

5.     Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing with the Equal Employment Opportunity Commission ("EEOC") on or about February 14, 2016.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated on or about May 16, 2017, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.[1]

6.     Defendant is located in Oklahoma County and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.     Plaintiff was hired as a Transition Instructor on or about November 9, 2004. In or around 2005, Plaintiff was promoted to Moore Transition Supervisor.

8.     In or around 2008, Plaintiff discovered that a White employee had been promoted to Transition Coordinator.  The individual had been employed less than one year. Plaintiff asked Human Resources Director Gayle McGuire (White) why he was not promoted or given the opportunity to apply.  McGuire stated she did not think Plaintiff would want the position (although she never asked Plaintiff).

9.     In or around July 2014, Plaintiff suffered an on-the-job injury to his back. Plaintiff notified his supervisor, who advised McGuire of the injury.  Thereafter, Plaintiff was sent to physical therapy for treatment.

10.     In or around Summer 2015, Plaintiff re-injured his back when he was grabbed by a student. Plaintiff notified Training Coordinator Ty Beasley (White) of such injury.

---

[1] On or about August 7, 2017, Plaintiff filed a second Charge of Discrimination with the EEOC, which is currently pending.

Beasley told Plaintiff to report to Concentra for treatment.  Plaintiff told Beasley he had no car that day and asked if he could be transported the following day when he had a ride. Beasley said Plaintiff could not wait to report to Concentra and offered Plaintiff no ride.  As such, Plaintiff was forced to walk miles immediately following his injury.

11.     Conversely, within a year of Plaintiff's injury, a White employee who suffered an on-the-job injury was provided a ride to Concentra.

12.     In or around June 2015, Plaintiff was written up by Rehabilitation Coordinator Cora Thomas (White).  The alleged reason for discipline was that a student's parent complained that Plaintiff was driving recklessly.  Plaintiff told Thomas that he had been sent to pick up students in Norman on short notice, and he was not familiar with Norman, and had gotten lost.

13.     In or around September 2015, the Transition Coordinator position was again vacant.  Plaintiff applied for the position.  However, John Goodwin (White) was selected for the position. Plaintiff was more qualified than Goodwin because Plaintiff holds a Master's degree, which Goodwin did not and worked in this job field longer than Goodwin.

14.     Plaintiff was told by Vocational Program Administrator Theresa Flannery (White) that he was not selected because Flannery knew Plaintiff did not like paperwork. However, Plaintiff was not consulted regarding whether he would or would not like to do the paperwork required for the position.

15.     Due to the promotion denial, Plaintiff filed with the Equal Employment Opportunity Commission on or about February 14, 2016 based on race discrimination and retaliation.

16.     Within weeks, Plaintiff was written up by Thomas on or about March 3, 2016 for allegedly leaving students without supervision at a job site.  Such accusation was false.

Plaintiff stepped outside the facility after a coworker asked to speak with him.  The students were sitting in a waiting area.  The door which Plaintiff walked out of, and the wall separating Plaintiff from the students, was made of glass.  Thus, Plaintiff could see the students after he stepped out.  Plaintiff was outside for approximately 2-3 minutes.

17.     On or about March 27, 2017, Plaintiff was again written up, allegedly because he failed to respond to a request from a school to film students working on a job site and not responding to an email from Thomas regarding the issue.  Plaintiff was further counseled allegedly for not completing his March calendar and establishing a job site for the month.  Plaintiff told Thomas he did not recall the school's request and must have overlooked her email.  Plaintiff further outlined his efforts to set up a job site for the month by phone calls and in person.  Regardless, Plaintiff was disciplined.

18.     On or about April 4, 2017, Plaintiff was written up by Goodwin for an alleged no call/no show.  Plaintiff told Goodwin he had submitted a leave request form to Goodwin's internal mailbox, but Goodwin denied receiving it.  The request was ultimately found in a mailbox directly beneath Goodwin's.  However, Plaintiff was disciplined.

19.     On or about April 18, 2017, Plaintiff told Goodwin that he needed more time in the office to complete paperwork.  This was not the first time he made a request for more office time.  While he was given a half day once a week in office to complete paperwork, this was not sufficient as he was repeatedly called out of his office to complete other tasks.

20.     Thereafter, Plaintiff made several requests to meet with McGuire and/or Thomas to discuss the unwarranted discipline he received following his EEOC filing.  However, Plaintiff's requests were ignored.

21.     Plaintiff received his Dismissal and Notice of Right to Sue letter from the EEOC on his first Charge of Discrimination on or about May 16, 2017.

4

22.     On or about May 26, 2017, Thomas told Plaintiff that his request for vacation in June 2017 would not be approved because Plaintiff did not submit a request form. Particularly, on or about May 11, 2017, Plaintiff requested June 12-16, 2017 off to be a leader at a youth ministry conference (Plaintiff is an ordained minister with a Master's degree in religious education).  Plaintiff told Thomas he submitted the form to Goodwin on or about May 11, 2017, who was required to sign the request before forwarding the request to Thomas.  Goodwin admitted to Thomas that he had the form but had not yet forwarded it to Thomas. Regardless, Thomas told Plaintiff he could not have the vacation time.

23.     On or about June 2, 2017, Plaintiff was again written up by Thomas and Goodwin, allegedly for not completing End of Year Program Paperwork and Camp Schedules and payroll documentation in a timely manner.  However, Plaintiff was given conflicting dates as deadlines for submitting the End of Year and Camp schedules, which were submitted by the date Plaintiff noted as the deadline given, June 1.  Plaintiff also submitted the payroll documentation via e-mail, but was having computer problems during the time it was submitted.  Plaintiff reported the problems to Goodwin at the time, but the problems weren't addressed.

24.     The same day, Plaintiff requested a meeting with CEO Connie Thrash McGoodwin (White) to discuss his concerns regarding this discriminatory and retaliatory treatment from Thomas and Goodwin.  However, no such meeting occurred.  Rather, Thomas and Goodwin were directed to meet with Plaintiff and offered to allow Plaintiff the time off in June he had originally requested.  However, it was too late for Plaintiff to make arrangements to attend the youth ministry event, thus, Plaintiff declined the vacation time.

25.     On or about June 9, 2017, McGuire offered to meet with Plaintiff in lieu of McGoodwin.  However, as McGuire had agreed previously to meet with Plaintiff and not

5

followed through, Plaintiff requested to meet with McGoodwin.  However, McGoodwin denied Plaintiff's request, stating that she does not meet with employees.

26.    On or about June 23, 2017, Plaintiff was notified of his termination by McGuire.  He was told the reason for termination was that he was not a good fit for the company (despite having worked there for over 11 years).  However, as shown herein, such reason was merely pretext for unlawful discrimination due to Plaintiff's race and actual or perceived disability.  It was further in retaliation for Plaintiff's allegations raised in his EEOC Charge of race discrimination and retaliation.

27.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I: 42 U.S.C. § 1981

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28.    The matters alleged above constitute violations of 42 U.S.C. § 1981 in the form of race discrimination and retaliation.

29.    Plaintiff is entitled to relief because he is Black, he was qualified for his job, was passed over for promotion in favor of a non-Black candidate, was fired, and his job was not eliminated.

30.    Plaintiff is further entitled to relief because he engaged in a protected activity (i.e., lodging race discrimination complaints), he was terminated, and a causal connection exists between his protected activity and his termination.

31.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

32.    Because the actions of Defendant were willful, wanton or, at least, in reckless

disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: Title VII Race

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

33.    The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, as amended, in the form of race discrimination.

34.    Plaintiff is entitled to relief because he is Black, he was qualified for his job, was passed over for promotion in favor of a non-Black candidate.

35.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

36.    Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III - Workers' Compensation Retaliation

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

37.    The matters alleged above constitute retaliation in violation of the Oklahoma Administrative Workers' Compensation Act.

38.    Plaintiff sustained a job-related injury for which he could assert a claim for benefits under the Administrative Workers' Compensation Act.  And, Plaintiff received medical treatment for such injury.  Defendant had knowledge of Plaintiff's work-related injury.  And, Plaintiff was consequently fired.

39.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

40.    Defendant's actions were willful, wanton and/or conducted in a reckless

disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, back pay, front pay, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 7th day of August, 2017.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**LAUREN W. JOHNSTON, OBA #22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net
haupts@leonardlaw.net

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**